IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JAMAICA IMANI-NELSON, an individual; and JASON NELSON, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>EMPOWERMENT CLINIC INC., an Oregon nonprofit corporation; and MICHAEL BRAXTON, an individual,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT (ORS 652.200 - Failure to Pay Wages; ORS 653.261 - Failure to Pay Overtime Wages; ORS 652.150 - Failure to Pay Wages on Termination of Employment)**<br><br>**PRAYER: $323,770.00**<br>**FEE AUTHORITY: ORS 21.160(1)(c)**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION** |

    For their complaint against Defendants Empowerment Clinic Inc. ("ECI") and Michael Braxton ("Braxton") Plaintiffs Jamaica Imani-Nelson ("Ms. Imani-Nelson") and Jason Nelson ("Mr. Nelson") allege as follows:

**PARTIES/VENUE**

1.

    Ms. Imani-Nelson is a resident of Portland, Multnomah County, Oregon.

2.

    Mr. Nelson is a resident of Portland, Multnomah County, Oregon.

3.

    Defendant ECI is an Oregon nonprofit corporation with its principal place of business in Portland, Multnomah County, Oregon.

///

///

**Exhibit A, page 1 of 11**

4.

Defendant Braxton is an individual residing in Portland, Washington County, Oregon.

5.

At all material times, Defendant Braxton supervised Plaintiffs' work.

6.

Venue is appropriate in Multnomah County because Defendant ECI has an office for the transaction of business in Multnomah County, conducts regular and sustained business activities in Multnomah County, and much of the alleged wrongful conduct giving rise to the causes of action in this case took place in Multnomah County.

**FACTS**

**Plaintiff Jason Nelson**

7.

Defendants hired Mr. Nelson on or about February 2016 as a Certified Recovery Mentor and DUII Facilitator/Counselor.  Mr. Nelson was not paid any compensation for his work from February 2016 to September 2016 because Defendants erroneously classified him as an "intern."

8.

Mr. Nelson ran DUII groups, performed individual counseling and group counseling without any supervision.  He also attended mandatory staff meetings,

9.

From February 2016 through September 2016, Mr. Nelson worked as a misclassified intern/trainee for the benefit of Defendants for an average of 70-80 hours per week.  His work for Defendants was not educational and he performed the same work as paid workers for Defendants.

///

///

///

Page 2 - COMPLAINT

**Exhibit A, page 2 of 11**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

10.

Defendants owed Mr. Nelson $17 per hour of regular work and $25.50 for all hours worked he over 40 in a week. Defendants failed to pay Mr. Nelson any wages from February 2016 through July 2017 due to his misclassification as an intern.

11.

On or about September 2016, Defendants hired Mr. Nelson as alcohol and drug counselor and recovery mentor, but none of his duties changed from when he was classified as an intern/trainee.

12.

Mr. Nelson was misclassified as an independent contractor. Defendants required his attendance at mandatory staff meetings and weekly trainings, directed his work, purchased his business cards, provided and furnished his office at ECI, provided his equipment, inspected his work, and insured his work.

13.

From September 2016 through August 28, 2017, Mr. Nelson demonstrated a hard work ethic and worked for the benefit of Defendants for an average of 70-80 hours per week.

14.

Defendants owe Mr. Nelson Jason $17 per hour of regular work and $25.50 for all hours worked he over 40 in a week. Defendants did not pay Mr. Nelson all wages due for his hours.

15.

As a result of his misclassification as an independent contractor, Mr. Nelson was underpaid for his regular hours and Defendants failed to pay overtime for hours he worked for Defendants' benefit in excess of 40 hours per week.

///

///

///

Page 3 - COMPLAINT

**Exhibit A, page 3 of 11**

**Plaintiff Jamaica Imani-Nelson**

16.

On or about June 16, 2016, Defendants hired Ms. Imani-Nelson as an as alcohol and drug counselor and recovery mentor.  Defendants erroneously classified her as an independent contractor.

17.

Defendant paid wages to Ms. Imani-Nelson personally.

18.

Defendants required her attendance at mandatory staff meetings and weekly trainings, directed her work, purchased her business cards, provided and furnished her office at ECI, provided her equipment, inspected her work, and insured her work.

19.

From June 2016 through July 2, 2017, Ms. Imani-Nelson demonstrated a hard work ethic and worked for the benefit of Defendants for an average of 70-90 hours per week.

20.

Defendants owed Ms. Imani-Nelson $18.50 per hour of regular work and $27.75 for all hours worked she over 40 in a week.  Defendants did not pay Ms. Imani-Nelson all wages due for her hours.

21.

As a result of her misclassification as an independent contractor, Ms. Imani-Nelson was underpaid for her regular hours and Defendants failed to pay overtime for hours she worked for Defendants' benefit in excess of 40 hours per week.

22.

Plaintiffs' attorney sent a letter dated November 26, 2017 to Defendants' attorney Micah Fargey, demanding wages and penalties owed and providing reasonable notice that Plaintiffs will seeks costs and attorney fees for unpaid wages.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

**FIRST CLAIM FOR RELIEF**

**(ORS 652.200 - Failure to Pay Wages)**

**(On behalf of Plaintiff Jason Nelson)**

**(Against all Defendants)**

23.

Mr. Nelson realleges and incorporates paragraphs 1 through 22 as though fully set forth herein.

24.

Defendants willfully failed to compensate Mr. Nelson for all hours he worked for the benefit of Defendants.

25.

On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants reasonable written notice of Mr. Nelson's wage claim.

26.

Mr. Nelson requests payment of said wages and imposition of penalty wages on Defendants for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $4,400 or upon proof at the time of trial.

27.

Mr. Nelson is entitled to recover her costs and attorney fees pursuant to ORS 652.200.

**SECOND CLAIM FOR RELIEF**

**(ORS 652.200 - Failure to Pay Wages)**

**(On behalf of Plaintiff Jamaica Imani-Nelson)**

**(Against all Defendants)**

28.

Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 27 as though fully set forth herein.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

29.

Defendants willfully failed to compensate Ms. Imani-Nelson for all hours she worked for the benefit of Defendants.

30.

On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave Defendants reasonable written notice of Ms. Imani-Nelson's wage claim.

31.

Ms. Imani-Nelson requests payment of said wages and imposition of penalty wages on Defendants for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $4,400, or upon proof at the time of trial.

32.

Ms. Imani-Nelson is entitled to recover her costs and attorney fees pursuant to ORS 652.200.

**THIRD CLAIM FOR RELIEF**

**(ORS 653.261 - Failure to Pay Overtime Wages)**

**(On behalf of Plaintiff Jason Nelson)**

**(Against all Defendants)**

33.

Mr. Nelson realleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

34.

In or about February 2016 through August 28, 2017, Mr. Nelson worked overtime hours for the benefit of Defendants.

35.

Defendants had actual and/or constructive knowledge of Mr. Nelson's overtime and willfully failed to pay him wages he was due.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

36.

Due to Defendants' willful failure to pay wages, Mr. Nelson is entitled to liquidated damages in the amount of double his unpaid overtime.

37.

On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants reasonable written notice of his wage claim.

38.

Mr. Nelson is entitled to recover his costs and attorney dees.

**FOURTH CLAIM FOR RELIEF**

**(ORS 653.261 - Failure to Pay Overtime Wages)**

**(On behalf of Plaintiff Jamaica Imani-Nelson)**

**(Against all Defendants)**

39.

Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 38 as though fully set forth herein.

40.

On or about June 2016 through July 2, 2017 Ms. Imani-Nelson worked overtime hours for the benefit of Defendants.

41.

Defendants had actual and/or constructive knowledge of Ms. Imani-Nelson's overtime and willfully failed to pay her wages she was due.

42.

Due to Defendants' willful failure to pay wages, Ms. Imani-Nelson is entitled to liquidated damages in the amount of double her unpaid overtime.

///

///

Page 7 - COMPLAINT

**Exhibit A, page 7 of 11**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

43.

On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave Defendants reasonable written notice of her wage claim.

44.

Ms. Imani-Nelson is entitled to recover her costs and attorney fees.

**FIFTH CLAIM FOR RELIEF**

**(ORS 652.150 - Failure to Pay Wages on Termination of Employment)**

**(On behalf of Plaintiff Jason Nelson)**

**(Against All Defendants)**

45.

Mr. Nelson realleges and incorporates paragraphs 1 through 44 as though fully set forth herein.

46.

Defendants terminated Mr. Nelson on August 28, 2017.

47.

Defendants willfully failed to pay Mr. Nelson all wages due and owing by the time required in ORS 652.140.

48.

On November 26, 2017, Mr. Nelson's attorney sent a letter to Defendants with an estimate of wages owed and/or sufficient facts for Defendants to determine what amount was due.

49.

Defendants willfully failed to pay Mr. Nelson all wages due and owing within twelve (12) days of the written notice.

///

///

**Exhibit A, page 8 of 11**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

50.

On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants reasonable written notice of his wage claim.

51.

Mr. Nelson is entitled to recover her costs and attorney fees.

**SIXTH CLAIM FOR RELIEF**

**(ORS 652.150 - Failure to Pay Wages on Termination of Employment)**

**(On behalf of Plaintiff Jamaica Imani-Nelson)**

**(Against All Defendants)**

52.

Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 51 as though fully set forth herein.

53.

Defendants terminated Ms. Imani-Nelson on September 28, 2017.

54.

Defendants willfully failed to pay Ms. Imani-Nelson all wages due and owing by the time required in ORS 652.140.

55.

On November 26, 2017, Ms. Imani-Nelson's attorney sent a letter to Defendants with an estimate of wages owed and/or sufficient facts for Defendants to determine what amount was due.

56.

Defendants willfully failed to pay Ms. Imani-Nelson all wages due and owing within twelve (12) days of the written notice.

///

///

Page 9 - COMPLAINT

**Exhibit A, page 9 of 11**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

57.

On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave Defendants reasonable written notice of her wage claim.

58.

Ms. Imani-Nelson is entitled to recover her costs and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the court to:

1. Assume jurisdiction over each of the causes set forth herein.

2. Issue a declaration that Defendants have violated Plaintiffs' legally protected rights and an order requiring Defendants to correct this deficiency.

3. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practice which retaliates against employees who request were exercised or legally protected rights.

4. Order Defendants to create, implement and carry out policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

5. For Mr. Nelson's Claims for Relief, order Defendants to make him whole by compensating him $23,800 for unpaid wages, $38,760 for unpaid overtime, $62,560 for liquidated damages, and $4,080 for late payment penalties.

6. For Ms. Imani-Nelson's Claims for Relief, order Defendants to make her whole by compensating her $97,125 for unpaid overtime, $97,125 for liquidated damages, and $4,400 for late payment penalties.

///
///
///

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

7. Award Plaintiffs their costs of suit and reasonable attorney fees, costs and expert witness fees.

8. Order Defendants to pay prejudgment and post judgment interest, as appropriate, on all amounts due to Plaintiffs as a result of this action.

DATED: July 13, 2018.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Shemia Fagan*
Shemia Fagan, OSB No. 093476
Email:  sfagan@hkm.com
Tel: 503-400-7423; Fax: 503-345-0806
Attorneys for Plaintiffs Jamaica Imani-Nelson and Jason Nelson

Page 11 - COMPLAINT

**Exhibit A, page 11 of 11**

1

2

3

4               IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                  FOR THE COUNTY OF MULTNOMAH

6   JAMAICA IMANI-NELSON, an individual;    Case No.  18CV29761
    and JASON NELSON, an individual,
7                                           **ACCEPTANCE OF SERVICE**
              Plaintiffs,

8

9         v.

    EMPOWERMENT CLINIC INC., an Oregon
10  nonprofit corporation; and MICHAEL
    BRAXTON, an individual,
11
              Defendants.
12

13

14      **TO:    CLERK OF THE COURT
              SHEMIA FAGAN AND HKM EMPLOYMENT ATTORNEYS LLP**

15      I, Micah Fargey, of attorneys for Defendant Michael Braxton ("Braxton"), state that I am

16  duly authorized by Defendant Braxton to accept service of the Summons and Complaint dated

17  July 13, 2018, pursuant to ORCP 7D.  On July 25, 2018, I accepted service of the same in the

18  above-described action on behalf of Defendant Braxton.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

Page 1 – ACCEPTANCE OF SERVICE                     **Exhibit B, page 1 of 2**

1    I hereby waive any objections to the form of the Summons or the service of the Summons

2   and Complaint to Defendant Braxton.   Defendant Braxton retains all other defenses and

3   objections to the lawsuit.

4    DATED this **27th** day of ___July_____, 2018.

5

6                          **FARGEY LAW PC**

7

8    By: _____

9        Micah Fargey, OSB No. 096814
        Email: micah@fargeylaw.com

10       7307 SW Beveland Street, Suite 200
        Portland, OR 97223

11       Tel: 503-946-9426; Fax: 503-342-8332
        Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – ACCEPTANCE OF SERVICE                    **Exhibit B, page 2 of 2**

8/4/2018 11:34 AM
18CV29761

1

2

3

4                  IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                       FOR THE COUNTY OF MULTNOMAH

6   JAMAICA IMANI-NELSON, an individual;    Case No.  18CV29761
    and JASON NELSON, an individual,
7                                            **ACCEPTANCE OF SERVICE**
                 Plaintiffs,
8
          v.
9
    EMPOWERMENT CLINIC INC., an Oregon
10  nonprofit corporation; and MICHAEL
    BRAXTON, an individual,
11
                 Defendants.
12

13
         **TO:    CLERK OF THE COURT**
14            **SHEMIA FAGAN AND HKM EMPLOYMENT ATTORNEYS LLP**

15       I, Micah Fargey, of attorneys for Defendant Empowerment Clinic Inc. ("ECI"), state that

16  I am duly authorized by Defendant ECI to accept service of the Summons and Complaint dated

17  July 13, 2018, pursuant to ORCP 7D.  On July 27, 2018, I accepted service of the same in the

18  above-described action on behalf of Defendant ECI.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

Page 1 – ACCEPTANCE OF SERVICE                        **Exhibit C, page 1 of 2**

1        I hereby waive any objections to the form of the Summons or the service of the Summons

2    and Complaint to Defendant ECI.  Defendant ECI retains all other defenses and objections to the

3    lawsuit.

4        DATED this 21ᵗʰ day of _____July_____, 2018.

5

6                      **FARGEY LAW PC**

7

8                      By: _____
                       Micah Fargey, OSB No. 096814

9                      Email:  micah@fargeylaw.com
                       7307 SW Beveland Street, Suite 200

10                     Portland, OR 97223
                       Tel: 503-946-9426; Fax: 503-342-8332

11                     Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – ACCEPTANCE OF SERVICE                   **Exhibit C, page 1 of 2**

8/28/2018 1:09 PM
18CV29761

1

2

3

4                  IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6   JAMAICA IMANI-NELSON, an individual;          Case No.  18CV29761
    and JASON NELSON, an individual,
7                                                 **PLAINTIFFS' NOTICE OF INTENT TO**
                   Plaintiffs,                     **MOVE FOR DEFAULT AGAINST**
8                                                 **DEFENDANTS EMPOWERMENT**
                                                  **CLINIC INC. AND MICHAEL BRAXTON**
9          v.

10  EMPOWERMENT CLINIC INC., an Oregon
    nonprofit corporation; and MICHAEL
11  BRAXTON, an individual,

12                 Defendants.

13

14  TO:    Defendants Empowerment Clinic Inc. and Michael Braxton, and their attorney,
           Micah D. Fargey
15         Fargey Law PC
           7307 SW Beveland Street, Suite 200
16         Portland, OR 97223

17         PLEASE TAKE NOTICE that pursuant to ORCP 69, Plaintiffs Jamaica Imani-Nelson

18  and Jason Nelson, through their attorneys, will move for an Order of Default against Defendants

19  Empowerment Clinic Inc. and Michael Braxton on September 7, 2018, for failing to defend

20  against Plaintiff's Complaint in this action, filed on July 13, 2018.

21

22         DATED: August 28, 2018.

23                                        **HKM EMPLOYMENT ATTORNEYS LLP**

24
                                          By: _s/ Shemia Fagan_
25                                             Shemia Fagan, OSB No. 093476
                                               Email:  sfagan@hkm.com
26                                             Tel: 503-400-7423; Fax: 503-345-0806
                                               Attorneys for Plaintiffs Jamaica Imani-Nelson
                                               and Jason Nelson

Page 1 – NOTICE OF INTENT TO MOVE FOR DEFAULT          **Exhibit D, page 1 of 2**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018 the foregoing was filed with the Clerk of the Court via the Odyssey File & Serve system which will send notification of such filing to the following:

Micah D. Fargey
micah@fargeylaw.com
Fargey Law PC
7307 SW Beveland Street, Suite 200
Portland, OR 97223
Telephone: 503-946-9426
Facsimile: 503-342-8332

Attorneys for Defendants

and by ☑ mailing; ☑ e-mailing; ☐ hand delivery; ☐ facsimile a true and correct copy thereof to said parties on the date stated below.

DATED: August 28, 2018.


*s/ Margurite Teresa Weeks*
Margurite Teresa Weeks, Legal Assistant
HKM Employment Attorneys LLP

**Exhibit D, page 2 of 2**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1021 SW 4TH AVENUE, PORTLAND OR 97204

**Jamaica Imani-Nelson, Jason Nelson**
**vs**
**Empowerment Clinic Inc., Michael**
**Braxton**

**Case No:** 18CV29761

**ORDER APPOINTING JUDGE**
**TO CASE**

As provided by the court's rules and policy, the Court finds that the above case has progressed to a point in its process where it is appropriate to appoint a judge for the purpose of hearing pretrial motions in this action.

Now therefore the Court orders that **Thomas M Ryan** is appointed as
☒ **Motions** ☐ **Foreclosure Panel**  judge.

If the judge named above is assigned as a motions judge, the case is assigned to that judge to hear all pretrial motions (excluding Summary Judgment motions), except as further provided by order of the Presiding Judge.

The moving party shall contact the motion judge's chambers to schedule a hearing for any pending motions.  The moving party must provide to all parties notice of the time, date, and location set for the hearing, and the name of the judge who will hear the motion.  Notice to the parties may be by any means of communication to which the parties mutually have agreed. If there is no agreement as to the means for giving notice, then notice must be given in writing and delivered to each party.

If the judge named above is assigned as a Foreclosure Panel judge, the case is assigned to that judge for all matters.

September 14, 2018
Date

Stephen K. Bushong, Presiding Judge

**Exhibit E, page 1 of 1**

9/6/2018 11:15 AM
18CV29761

1

2

3

4

5

6

7

8                      IN THE CIRCUIT COURT OF THE STATE OF OREGON

                            FOR THE COUNTY OF MULTNOMAH
9

10
      **JAMAICA IMANI-NELSON**, an individual,      Case No. 18CV29761
11    and **JASON NELSON**, an individual,
                                                    **DEFENDANTS' MOTION TO DISMISS**
12                  Plaintiffs,

13           v.

14    **EMPOWERMENT CLINIC INC.**, an Oregon        ORAL ARGUMENT REQUESTED
      nonprofit corporation; and **MICHAEL**
15    **BRAXTON**, an individual,

16                  Defendants.

17

18

19

20

21

22

23

24

25

26
      1 – DEFENDANTS' MOTION TO DISMISS                        **Exhibit F, page 1 of 6**

                                    FARGEY LAW PC
                       7307 SW Beveland Street, Suite 200, Portland, Oregon 97223
                             (503) 946 9426 (o)  |  (503) 342 8332 (f)

# I.   UTCR 5.050 COMPLIANCE

Counsel for the defendants requests oral argument and anticipates that 30 minutes will be required.  Official court reporting services are requested.

# II.   MOTIONS

Pursuant to Rule 21 A(8) of the Oregon Rules of Civil Procedure, Defendants move the Court for an order dismissing the following claims of the Complaint (the "Compl.") filed by plaintiffs Jamaica Imani-Nelson ("Imani-Nelson") and Jason Nelson ("Nelson") (together "Plaintiffs") on the grounds listed below:

1.   The first through sixth causes of action as stated against defendant Michael Braxton ("Braxton") should be dismissed because he is not an employer subject to liability under any of the statutes forming the basis of Plaintiffs' claims.

2.   The third and fourth claim for relief, alleged on behalf of Nelson and Imani-Nelson, respectively, should be dismissed to the extent they seek recovery of "liquidated damages," for which there is no basis to recover under any of the statutes referenced in the Complaint.  Compl. ¶¶ 36, 42.

# III.   POINTS AND AUTHORITIES

## A.   Plaintiffs' Relevant Factual Allegations

Plaintiffs name both Empowerment Clinic Inc. ("ECI") and Braxton (together "Defendants") as the defendants in this case.  *See* Compl. ¶¶ 3-4.  Plaintiffs allege that "ECI is an Oregon nonprofit corporation with its principal place of business in Portland . . . ."  Compl. ¶ 3.  Plaintiffs claim Braxton "supervised Plaintiffs' work."  Compl. ¶ 5.

Plaintiffs allege that Defendants hired Nelson in February 2016.  *See* Compl. ¶ 7.  Plaintiffs allege Nelson was "erroneously classified" as an intern for a significant amount of time he performed work, and that "Defendants failed to pay" Nelson for "wages . . . due to his misclassification as an intern."  Compl. ¶¶ 7-10.  Plaintiffs allege that later "Defendants hired" Plaintiff as an employee but

2 – DEFENDANTS' MOTION TO DISMISS                          **Exhibit F, page 2 of 6**

1   that he "was misclassified as an independent contractor," further causing him to be underpaid (this time

2   for overtime) as a result of this misclassification.  Comp. ¶¶ 11-15.

3       Plaintiffs further allege that "Defendants hired Ms. Imani-Nelson" in June 2016 and

4   "erroneously classified her as an independent contractor."  Compl. ¶ 16.  Plaintiffs claim that this

5   misclassification caused Imani-Nelson to "work[] for the benefit of Defendants for an average of 70-90

6   hours per week" and was not paid for all of the hours she worked, including overtime for hours she

7   allegedly worked beyond 40 per week.  Compl. ¶¶ 19-21.

8       As a result of Defendants' purported wrongs, Plaintiffs seek unpaid overtime and other wages,

9   waiting time penalties, attorney fees, and liquidated damages – "Due to Defendants' willful failure to

10  pay wages," each plaintiff claims to be "entitled to liquidated damages in the amount of double [their]

11  unpaid overtime."  *See* Compl. ¶¶ 36, 42.

12      **B.     Argument**

13          1.    Defendant Michael Braxton is Not an "Employer" Subject to Potential Liability

14      Plaintiffs reference three statutes forming the bases for their claims for relief:  ORS 652.200,

15  ORS 653.261, and ORS 652.150.  *See generally* Compl. ¶ 23-54.  None of these statutes allow for the

16  imposition of liability against a supervisor.

17      For chapter 653 of the Oregon Revised Statutes, an "employer" is defined as "any person who

18  employs another person . . . ."  ORS 653.010 (3).  "Employ" means to "suffer or permit to work . . . ."

19  ORS 653.010 (2).  For Plaintiffs' claims under chapter 652 of the Oregon Revised Statutes, an

20  "Employer" is "any person employing one or more employees . . . ."  ORS 652.210 (2).  "'Employee'

21  means any individual who . . . renders personal services wholly or partly in this state to an employer

22  who pays or agrees to pay such an individual at a fixed rate."  ORS 652.210 (1).

23      Plaintiffs plainly allege only that Braxton "supervised Plaintiffs' work" "at all material times . . .

24  ."  Compl. ¶ 5.  Plaintiffs do not claim that Braxton "suffer[ed] or permit[ted]" them to work, or

25  "agree[d] to pay" them for their "personal services . . . ."  OSR 652.201 (2) and ORS 653.010 (2).

26  3 – DEFENDANTS' MOTION TO DISMISS                          **Exhibit F, page 3 of 6**

1    Accordingly, Braxton cannot be subject to liability for any unpaid wages or attorney fees claimed by

2    Plaintiffs.[1]  Based on Plaintiffs own allegations, Braxton should be dismissed from this case.

3              2.      Plaintiffs Cite No Statute Allowing Double Damages

4          The Complaint cites four statutes – ORS 652.200, ORS 653.261, ORS 652.150, and ORS

5    652.140.  *See generally* Compl. ¶¶ 23-54.  None of these statutes provide for the "liquidated damages"

6    of "double . . . unpaid overtime" sought by Plaintiffs.  *See* Compl. ¶¶ 36, 42.  Specifically:

7          •      ORS 652.200 allows for the recovery of "a reasonable sum of attorney fees at trial" in a

8    successful action for unpaid wages.  ORS 652.200 (2).

9          •      ORS 653.261 allows for certain civil penalties that do not include liquidated damages

10   payable to a plaintiff.  *See* ORS 653.261 (4) (providing for the imposition of certain civil penalties

11   under circumstances not present here).

12         •      ORS 652.150 allows the imposition of waiting time penalties where "an employer

13   willfully fails to pay any wages or compensation of any employee whose employment ceases" in the

14   form of continued payment "from the due date thereof at the same hourly rate for eight hours per day,"

15   limited to "30 days from the due date."  ORS 652.150 (1) and (1)(a).

16         •      ORS 652.140 simply requires employers to pay wages upon the termination of an

17   employee's employment.  *See* ORS 652.140 (1) ("When an employer discharges an employee or when

18   employment is terminated by mutual agreement, all wages earned and unpaid at the time of the

19

20

21

22   _____

23

24   [1] This contrasts with certain other statutes rendering individuals liable for an employer's wrongful
     actions.  *See, e.g.*, ORS 659A.030 (1)(g) (making it an "unlawful employment practice" for "any person,
25   whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts
     forbidden under this chapter . . . .").

26   4 – DEFENDANTS' MOTION TO DISMISS                                    **Exhibit F, page 4 of 6**

1  discharge or termination become due and payable not later than the end of the first business day after

2  the discharge or termination.").

3      None of these or any other statute applicable here entitle Plaintiffs to "liquidated damages in the

4  amount of double [their] unpaid overtime."  Compl. ¶¶ 36, 42.  These claims and the corresponding

5  relief sought in paragraphs 5 and 6 of the Complaint's Prayer for Relief should, therefore, be dismissed

6  from this action.

7  **IV.  CONCLUSION**

8      For the foregoing reasons, Defendants respectfully request the dismissal of (1) Braxton from this

9  case and (2) Plaintiffs' claims for liquidated damages for unpaid overtime.

10

11  September 5, 2018.

12                                    FARGEY LAW PC

13                                    By:   /s/ Micah D. Fargey

14                                    Micah D.  Fargey, OSB No. 096814
                                      micah@fargeylaw.com
15

16                                    Attorneys for Defendants
                                      **Empowerment Clinic Inc.** and **Michael Braxton**
17

18

19

20

21

22

23

24

25

26  5 – DEFENDANTS' MOTION TO DISMISS            **Exhibit F, page 5 of 6**

1

### CERTIFICATE OF SERVICE

2        I hereby certify that on September 6, 2018, I served the foregoing Defendants' Motion to Dismiss

3  on the following individual(s):

4                            Ms. Shemia Fagan
                            SFagan@hkm.com
5                HKM Employment Attorneys LLP
                       1607 NE 41st Avenue
6                    Portland, OR 97232

7  by:

8      ☒     Mailing a true copy/copies thereof, hereby certified by me as such, contained in a sealed

9  envelope, with postage paid, addressed to the aforementioned individual(s) at their last known address as

10  listed above and deposited in the post office in Portland, Oregon or Lake Oswego, Oregon on this day.

11      ☐     Electronically mailing a copy/copies to the aforementioned individual(s) at their last

12  known electronic address as listed above.

13      ☐     Delivering or causing to be delivered true copy/copies thereof, certified by me as such, to

14  the aforementioned individual(s), in person.

15

16  Dated September 6, 2018.

17                           By:  /s/ Micah D. Fargey
18                               Micah D. Fargey

19

20

21

22

23

24

25

26  6 – DEFENDANTS' MOTION TO DISMISS               **Exhibit F, page 6 of 6**

10/9/2018 12:08 PM
18CV29761

1
2
3
4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON
5                         FOR THE COUNTY OF MULTNOMAH

6   JAMAICA IMANI-NELSON, an individual;        Case No.  18CV29761
    and JASON NELSON, an individual,
7                                                **FIRST AMENDED COMPLAINT (ORS
                  Plaintiffs,                    652.200 - Failure to Pay Wages; ORS
8                                                653.261 - Failure to Pay Overtime Wages;
         v.                                      ORS 652.150 - Failure to Pay Wages on
9                                                Termination of Employment; Violations of
    EMPOWERMENT CLINIC INC., an Oregon          the Fair Labor Standards Act (29 U.S.C.
10  nonprofit corporation; and MICHAEL          §201 et seq.))**
    BRAXTON, an individual,
11                                               **PRAYER: $327,850.00**
                  Defendants.                    **FEE AUTHORITY: ORS 21.160(1)(c)**
12
                                                 **NOT SUBJECT TO MANDATORY
13                                               ARBITRATION**
14

15          For their first amended complaint against Defendants Empowerment Clinic Inc. ("ECI")

16  and Michael Braxton ("Braxton"), Plaintiffs Jamaica Imani-Nelson ("Ms. Imani-Nelson") and

17  Jason Nelson ("Mr. Nelson") allege as follows:

18                                  **PARTIES/VENUE**

19                                        1.

20          Ms. Imani-Nelson is a resident of Portland, Multnomah County, Oregon.

21                                        2.

22          Mr. Nelson is a resident of Portland, Multnomah County, Oregon.

23                                        3.

24          Defendant ECI is an Oregon nonprofit corporation with its principal place of business in

25  Portland, Multnomah County, Oregon. At all material times, Defendant ECI was an "employer"

26  within the meaning of FLSA §3(d), 29 U.S.C. §203(d).

Page 1 – FIRST AMENDED COMPLAINT                        **Exhibit G, page 1 of 14**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

4.

Defendant Braxton is an individual residing in Portland, Washington County, Oregon.

5.

At all material times, Defendant Braxton supervised Plaintiffs' work, and was an "employer" within the meaning of FLSA §3(d), 29 U.S.C. §203(d), in that he was a person acting directly or indirectly in the interest of Defendant ECI in relation to its employees and had economic and operational control over Defendant ECI in its business in the State of Oregon. Defendant Braxton was in charge of directing Defendant ECI's employment practices, hiring and firing employees, requiring employees to attend meetings, determining independent contractor and intern status, and setting wages.

6.

At all material times, Plaintiffs were covered by the FLSA as employees of Defendant. Defendants operate a residential care facility for individuals in recovery.

7.

Venue is appropriate in Multnomah County because Defendant ECI has an office for the transaction of business in Multnomah County, conducts regular and sustained business activities in Multnomah County, and much of the alleged wrongful conduct giving rise to the causes of action in this case took place in Multnomah County.

**FACTS**

**Plaintiff Jason Nelson**

8.

Defendants hired Mr. Nelson on or about February 2016 as a Certified Recovery Mentor and DUII Facilitator/Counselor. Mr. Nelson was not paid any compensation for his work from February 2016 to September 2016 because Defendants erroneously classified him as an "intern."

///

///

**Exhibit G, page 2 of 14**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

9.

Mr. Nelson ran DUII groups, performed individual counseling and group counseling without any supervision.  He also attended mandatory staff meetings.

10.

From February 2016 through September 2016, Mr. Nelson worked as a misclassified intern/trainee for the benefit of Defendants for an average of 70-80 hours per week.  His work for Defendants was not educational and he performed the same work as paid workers for Defendants.

11.

Defendants owed Mr. Nelson $17 per hour of regular work and $25.50 for all hours he worked over 40 in a week.  Defendants failed to pay Mr. Nelson any wages from February 2016 through July 2017 due to his misclassification as an intern.

12.

On or about September 2016, Defendants hired Mr. Nelson as an alcohol and drug counselor and recovery mentor, but none of his duties changed from when he was classified as an intern/trainee.

13.

Mr. Nelson was misclassified as an independent contractor.  Defendants required Mr. Nelson's attendance at mandatory staff meetings and weekly trainings, directed his work, purchased his business cards, provided and furnished his office at ECI, provided his equipment, inspected his work, and insured his work.

14.

From September 2016 through August 28, 2017, Mr. Nelson demonstrated a hard work ethic and worked for the benefit of Defendants for an average of 70-80 hours per week.

15.

Defendants owe Mr. Nelson Jason $17 per hour of regular work and $25.50 for all hours

Page 3 – FIRST AMENDED COMPLAINT

1    worked over 40 in a week. Defendants did not pay Mr. Nelson all wages due for his hours, as
2    required by the FLSA and Oregon law.

3                              16.

4         As a result of his misclassification as an independent contractor, Mr. Nelson was
5    underpaid for his regular hours and Defendants failed to pay overtime for hours he worked for
6    Defendants' benefit in excess of 40 hours per week, as required by the FLSA and Oregon law.

7                   **Plaintiff Jamaica Imani-Nelson**

8                              17.

9         On or about June 16, 2016, Defendants hired Ms. Imani-Nelson as an as alcohol and drug
10    counselor and recovery mentor. Defendants erroneously classified her as an independent
11    contractor.

12                             18.

13         Defendants paid wages to Ms. Imani-Nelson personally.

14                             19.

15         Defendants required her attendance at mandatory staff meetings and weekly trainings,
16    directed her work, purchased her business cards, provided and furnished her office at ECI,
17    provided her equipment, inspected her work, and insured her work.

18                             20.

19         From June 2016 through July 2, 2017, Ms. Imani-Nelson demonstrated a hard work ethic
20    and worked for the benefit of Defendants for an average of 70-90 hours per week.

21                             21.

22         Defendants owed Ms. Imani-Nelson $18.50 per hour of regular work and $27.75 for all
23    hours worked over 40 in a week. Defendants did not pay Ms. Imani-Nelson all wages due for
24    her hours, as required by the FLSA and Oregon law.

25                             22.

26         As a result of her misclassification as an independent contractor, Ms. Imani-Nelson was

Page 4 – FIRST AMENDED COMPLAINT          **Exhibit G, page 4 of 14**

underpaid for her regular hours and Defendants failed to pay overtime for hours she worked for Defendants' benefit in excess of 40 hours per week, as required by the FLSA and Oregon law.

23.

Plaintiffs' attorney sent a letter dated November 26, 2017 to Defendants' attorney Micah Fargey, demanding wages and penalties owed and providing reasonable notice that Plaintiffs will seeks costs and attorney fees for unpaid wages.

**FIRST CLAIM FOR RELIEF**

**(ORS 652.200 - Failure to Pay Wages)**

**(On behalf of Plaintiff Jason Nelson)**

**(Against all Defendants)**

24.

Mr. Nelson realleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

25.

Defendants willfully failed to compensate Mr. Nelson for all hours he worked for the benefit of Defendants.

26.

On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants reasonable written notice of Mr. Nelson's wage claim.

27.

Mr. Nelson requests payment of said wages and imposition of penalty wages on Defendants for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $4,400 or upon proof at the time of trial.

28.

Mr. Nelson is entitled to recover her costs and attorney fees pursuant to ORS 652.200.

///

**Exhibit G, page 5 of 14**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

1

**SECOND CLAIM FOR RELIEF**

2

**(ORS 652.200 - Failure to Pay Wages)**

3

**(On behalf of Plaintiff Jamica Imani-Nelson)**

4

**(Against all Defendants)**

5

29.

6   Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 28 as though fully set

7   forth herein.

8

30.

9   Defendants willfully failed to compensate Ms. Imani-Nelson for all hours she worked for

10   the benefit of Defendants.

11

31.

12   On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave

13   Defendants reasonable written notice of Ms. Imani-Nelson's wage claim.

14

32.

15   Ms. Imani-Nelson requests payment of said wages and imposition of penalty wages on

16   Defendants for the maximum thirty (30) day period provided by ORS 652.150 in the amount of

17   $4,400, or upon proof at the time of trial.

18

33.

19   Ms. Imani-Nelson is entitled to recover her costs and attorney fees pursuant to ORS

20   652.200.

21

**THIRD CLAIM FOR RELIEF**

22

**(ORS 653.261 - Failure to Pay Overtime Wages)**

23

**(On behalf of Plaintiff Jason Nelson)**

24

**(Against all Defendants)**

25

34.

26   Mr. Nelson realleges and incorporates paragraphs 1 through 33 as though fully set forth

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

1   herein.

2                                    35.

3        In or about February 2016 through August 28, 2017, Mr. Nelson worked overtime hours

4   for the benefit of Defendants.

5                                    36.

6        Defendants had actual and/or constructive knowledge of Mr. Nelson's overtime and

7   willfully failed to pay him wages he was due.

8                                    37.

9        Due to Defendants' willful failure to pay wages, Mr. Nelson is entitled unpaid wages and

10  penalties pursuant to Oregon law.

11                                   38.

12       On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants

13  reasonable written notice of his wage claim.

14                                   39.

15       Mr. Nelson is entitled to recover his costs and attorney fees.

16                      **FOURTH CLAIM FOR RELIEF**

17             **(ORS 653.261 - Failure to Pay Overtime Wages)**

18             **(On behalf of Plaintiff Jamaica Imani-Nelson)**

19                       **(Against all Defendants)**

20                                   40.

21       Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 39 as though fully set

22  forth herein.

23                                   41.

24       On or about June 2016 through July 2, 2017 Ms. Imani-Nelson worked overtime hours

25  for the benefit of Defendants.

26  ///

Page 7 – FIRST AMENDED COMPLAINT                    **Exhibit G, page 7 of 14**

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

1

42.

2   Defendants had actual and/or constructive knowledge of Ms. Imani-Nelson's overtime

3   and willfully failed to pay her wages she was due.

4

43.

5   Due to Defendants' willful failure to pay wages, Ms. Imani-Nelson is entitled to unpaid

6   wages and penalties pursuant to Oregon law.

7

44.

8   On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave

9   Defendants reasonable written notice of her wage claim.

10

45.

11   Ms. Imani-Nelson is entitled to recover her costs and attorney fees.

12   **FIFTH CLAIM FOR RELIEF**

13   **(ORS 652.150 - Failure to Pay Wages on Termination of Employment)**

14   **(On behalf of Plaintiff Jason Nelson)**

15   **(Against All Defendants)**

16

46.

17   Mr. Nelson realleges and incorporates paragraphs 1 through 45 as though fully set forth

18   herein.

19

47.

20   Defendants terminated Mr. Nelson on August 28, 2017.

21

48.

22   Defendants willfully failed to pay Mr. Nelson all wages due and owing by the time

23   required in ORS 652.140.

24

49.

25   On November 26, 2017, Mr. Nelson's attorney sent a letter to Defendants with an

26   estimate of wages owed and/or sufficient facts for Defendants to determine what amount was

Page 8 – FIRST AMENDED COMPLAINT

**Exhibit G, page 8 of 14**

1   due.

2                                    50.

3          Defendants willfully failed to pay Mr. Nelson all wages due and owing within twelve

4   (12) days of the written notice.

5                                    51.

6          On November 26, 2017, before filing this action, Mr. Nelson's attorney gave Defendants

7   reasonable written notice of his wage claim.

8                                    52.

9          Mr. Nelson is entitled to recover his costs and attorney fees.

10                       **SIXTH CLAIM FOR RELIEF**

11      **(ORS 652.150 - Failure to Pay Wages on Termination of Employment)**

12             **(On behalf of Plaintiff Jamaica Imani-Nelson)**

13                       **(Against All Defendants)**

14                                   53.

15         Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 52 as though fully set

16  forth herein.

17                                   54.

18         Defendants terminated Ms. Imani-Nelson on September 28, 2017.

19                                   55.

20         Defendants willfully failed to pay Ms. Imani-Nelson all wages due and owing by the time

21  required in ORS 652.140.

22                                   56.

23         On November 26, 2017, Ms. Imani-Nelson's attorney sent a letter to Defendants with an

24  estimate of wages owed and/or sufficient facts for Defendants to determine what amount was

25  due.

26  ///

Page 9 – FIRST AMENDED COMPLAINT                    **Exhibit G, page 9 of 14**

57.

Defendants willfully failed to pay Ms. Imani-Nelson all wages due and owing within twelve (12) days of the written notice.

58.

On November 26, 2017, before filing this action, Ms. Imani-Nelson's attorney gave Defendants reasonable written notice of her wage claim.

59.

Ms. Imani-Nelson is entitled to recover her costs and attorney fees.

**SEVENTH CLAIM FOR RELIEF**

**(29 U.S.C. §216 - FLSA - Failure to Pay Wages)**

**(On behalf of Plaintiff Jason Nelson)**

**(Against All Defendants)**

60.

Mr. Nelson realleges and incorporates paragraphs 1 through 59 as though fully set forth herein.

61.

Defendants terminated Mr. Nelson on August 28, 2017.

62.

Defendant ECI is an Oregon residential care facility and is therefore covered under the FLSA.

63.

Defendant Braxton supervised Mr. Nelson's work, and was an "employer" within the meaning of FLSA §3(d), 29 U.S.C. §203(d), in that he was a person acting directly or indirectly in the interest of Defendant ECI in relation to its employees, and he was in charge of directing Defendant ECI's employment practices, hiring and firing employees, requiring employees to attend meetings, determining independent contractor and intern status, and setting wages.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

64.

Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA. Defendants failed to compensate Mr. Nelson at both his overtime and regular rates for the time he spent counseling and mentoring, despite the fact that Defendants knew, or should have known, that compensation was due to Mr. Nelson.

65.

Due to Defendants' unlawful conduct, Mr. Nelson has lost wages and is owed in an amount to be determined by a jury at trial.

66.

Due to the willful and unlawful acts of Defendants, Mr. Nelson is also entitled to unpaid wages and liquidated damages in an amount equal to the award of wages.

67.

Mr. Nelson is entitled to recover his costs and attorney fees pursuant to 29 U.S.C. §216(b).

**EIGHTH CLAIM FOR RELIEF**

**(29 U.S.C. §216 - FLSA - Failure to Pay Wages)**

**(On behalf of Plaintiff Jamaica Imani-Nelson)**

**(Against All Defendants)**

68.

Ms. Imani-Nelson realleges and incorporates paragraphs 1 through 67 as though fully set forth herein.

69.

Defendants terminated Ms. Imani-Nelson on September 28, 2017.

70.

Defendant ECI is an Oregon residential care facility and is therefore covered under the FLSA.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

71.

Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA.  Defendants failed to compensate Ms. Imani-Nelson at both her overtime and regular rates for the time she spent counseling and mentoring, despite the fact that Defendants knew, or should have known, that compensation was due to Ms. Imani-Nelson.

72.

Due to Defendants' unlawful conduct, Ms. Imani-Nelson has lost wages and is owed in an amount to be determined by a jury at trial.

73.

Due to the willful and unlawful acts of Defendants, Ms. Imani-Nelson is also entitled to unpaid wages and liquidated damages in an amount equal to the award of wages.

74.

Ms. Imani-Nelson is entitled to recover her costs and attorney fees pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the court to:

1. Assume jurisdiction over each of the causes set forth herein.

2. Issue a declaration that Defendants have violated Plaintiffs' legally protected rights and an order requiring Defendants to correct this deficiency.

3. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practice which retaliates against employees who request were exercised or legally protected rights.

4. Order Defendants to create, implement and carry out policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

5. For Mr. Nelson's Claims for Relief, order Defendants to make him whole by compensating him $23,800 for unpaid wages, $38,760 for unpaid overtime, $62,560 for liquidated damages, and $4,080 for late payment penalties and other relief as provided by law.

6. For Ms. Imani-Nelson's Claims for Relief, order Defendants to make her whole by compensating her $97,125 for unpaid overtime, $97,125 for liquidated damages, and $4,400 for late payment penalties, and other relief as provided by law.

7. Award Plaintiffs their costs of suit and reasonable attorney fees, costs and expert witness fees.

8. Order Defendants to pay prejudgment and post judgment interest, as appropriate, on all amounts due to Plaintiffs as a result of this action.


DATED: October 9, 2018.


**HKM EMPLOYMENT ATTORNEYS LLP**


By: *s/ Shemia Fagan*
    Shemia Fagan, OSB No. 093476
    Email:  sfagan@hkm.com
    Tel: 503-400-7423; Fax: 503-345-0806
    Attorneys for Plaintiffs Jamaica Imani-Nelson
    and Jason Nelson

HKM EMPLOYMENT ATTORNEYS LLP
1607 NE 41ST AVENUE
PORTLAND, OR 97232
503-400-7423

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 9, 2018 the foregoing was filed with the Clerk of the Court via the Odyssey File & Serve system which will send notification of such filing to the following:

> Micah D. Fargey
> micah@fargeylaw.com
> Fargey Law PC
> 7307 SW Beveland Street, Suite 200
> Portland, OR 97223
> Telephone: 503-946-9426
> Facsimile: 503-342-8332

Attorneys for Defendants

and by ☑ mailing; ☑ e-mailing; ☐ hand delivery; ☐ facsimile a true and correct copy thereof to said parties on the date stated below.

DATED: October 9, 2018.

_s/ Margurite Teresa Weeks_
Margurite Teresa Weeks, Legal Assistant
HKM Employment Attorneys LLP

Page 14 – FIRST AMENDED COMPLAINT

**Exhibit G, page 14 of 14**